**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Marc Estes</u>


        v.                                    Civil No. 07-cv-223-PB


<u>Attorney General of the</u>
<u>Commonwealth of Kentucky, et al.</u>[1]


**<u>REPORT AND RECOMMENDATION</u>**


        Currently before me for preliminary review is Marc Estes'
petition for a writ of habeas corpus (document no. 1), filed
pursuant to 28 U.S.C. § 2254.  <u>See</u> Rule 4 of the Rules Governing
§ 2254 Proceedings (requiring initial review to determine whether
the petition is facially valid and may be served).  As explained
below, I find that Estes has not raised cognizable habeas issues,
and I therefore recommend that this petition be dismissed.

<u>Standard of Review</u>

        Under this Court's local rules, when an incarcerated
plaintiff commences an action pro se and in forma pauperis, the
magistrate judge is directed to conduct a preliminary review.  LR

---

        [1]In addition to the Attorney General of the Commonwealth of
Kentucky, Estes names the Shelby County, Kentucky Attorney and
New Hampshire State Prison Warden Richard Gerry as respondents to
this action.

4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and an unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

On November 22, 1999, the Commonwealth of Kentucky lodged two criminal charges against Estes.  Kentucky law enforcement authorities, aware that Estes was in New Hampshire, contacted New

Hampshire law enforcement authorities seeking their help in apprehending and extraditing Estes to Kentucky.  Two days later, Estes was arrested on a fugitive from justice complaint in New Hampshire.  Estes was held in custody, unable to post $50,000 in bail, pending his extradition to Kentucky.  On December 8, Estes successfully moved to reduce his bail to $30,000 cash or surety. Estes paid a bail bondsman $3000 and was released from custody awaiting extradition.  Estes waived his right to formal extradition proceedings, and also waived his right to object to extradition back to New Hampshire, where Estes also had charges pending, after resolving his Kentucky charges.  Despite repeated phone calls from Estes' attorney to arrange his return to Kentucky, Kentucky authorities opted against bringing Estes back to Kentucky to face charges.  Estes, therefore, remained in New Hampshire.

On June 14, 2000, Estes was tried on criminal charges in New Hampshire and was convicted of three felony offenses on June 15, 2000.  Shortly thereafter, Kentucky officials notified the New Hampshire authorities that they had elected to drop the Kentucky charges against Estes.  The fugitive from justice complaint pending against Estes was nol prossed.

Estes was sentenced to 18 ½ – 37 years in the New Hampshire State Prison ("NHSP") on his New Hampshire charges.  The New Hampshire Sentence Review Board decreased Estes' sentence to 13 ½ – 27 years.  Estes is therefore serving three consecutive sentences: 5-10 years, 5-10 years, and 3 ½ – 7 years.  On the second sentence of 5-10 years, Estes was granted the opportunity to have two years of his minimum sentence suspended if he successfully completed the prison's sex offender program ("SOP"). Accordingly, Estes' earliest possible eligibility date, should he complete the SOP and otherwise maintain parole eligibility, would be after 11 ½ years of incarceration.

On December 22, 2003, Kentucky issued two "alias" warrants, which were issued on complaints alleging the same offenses as those that had been dismissed after Estes' New Hampshire conviction.[2]  Sometime in 2004, the alias warrants were faxed to the NHSP.

In April of 2005, Estes appeared before the parole board, seeking to be paroled from his first 5-10 year sentence to his second 5-10 year sentence.  The parole board granted him parole,

---

[2]The 2003 Kentucky warrants were obtained by law enforcement officials using the same affidavits that the 1999 charges had been based upon.

and advised him of the active Kentucky warrants.  Until then, Estes was not aware that new warrants had been issued.  Estes is not eligible for parole to his third sentence until he has served five years of his second sentence, unless he completes the SOP, in which case, he would be eligible for parole to his third sentence in 2008, after serving three years of his second sentence.  Additionally, Estes asserts, if he does not have the opportunity to complete the SOP, he will not receive a suspension of two years off of the minimum sentence for the sentence he is currently serving, he will not be paroled at all to his third sentence, but will serve the maximum ten year term of that sentence prior to beginning his third sentence, he will not receive any pre-release reduction in custody status, and he will not be paroled to the street from his third sentence before his maximum date.

The New Hampshire corrections authorities will not admit Estes to the SOP while he has active unresolved cases or pending warrants in any jurisdiction.  Accordingly, Estes is ineligible for the SOP while the Kentucky warrants are pending.  On Estes' behalf, NHSP authorities have inquired of the Kentucky authorities as to their intentions regarding prosecution of Estes

and resolution of the outstanding warrants.  To date, Kentucky has declined to lodge a formal detainer against Estes, and has stated that they will file a detainer when he nears his release date.[3]  Estes states that if a detainer is filed, he will file a speedy trial request in Kentucky demanding that he be tried in Kentucky within the time limits provided by the IAD and thereby resolve the pending matters as expeditiously as possible.  Estes asserts that this would allow him to benefit from the rehabilitative and parole opportunities built into his New Hampshire sentence, including the SOP.

Estes has tried to contact Kentucky authorities directly but has received no assistance from the courts, the Kentucky State Police, or the Shelby County, Kentucky Attorney General's office. It is unclear whether or not Estes has an attorney in Kentucky

---

[3]According to the New Hampshire corrections authorities' communications with the Kentucky authorities, it appears that Kentucky erroneously anticipates a release date in 2013, as that is the year that he will become parole eligible from his third sentence, if he is paroled to his third sentence after serving all five years of his second sentence.  Estes asserts, however, that, if the Kentucky warrants remain active and unresolved, he will not be released until 2023, his maximum release date.

who could take action on his behalf.[4]  Estes has now turned to this Court seeking relief.

Discussion

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Accordingly, to seek habeas relief under § 2254, Estes must allege that the State conviction or sentence he is currently serving violates some right accorded to him under federal law.  Estes is currently incarcerated pursuant to a New Hampshire State conviction.  Estes does not challenge the validity of his New Hampshire conviction or sentence.  Instead, Estes challenges the actions of Kentucky in proceedings there.  The fact that those proceedings have collateral consequences for his New Hampshire sentence does not

_____

[4]In the event Estes does not have Kentucky counsel at this time, he might consider contacting the Department of Public Advocacy, which is the office that represents indigent criminal defendants in the Shelby County Courts, at:

> Department of Public Advocacy
> 100 Fair Oaks Lane, Suite 302
> Frankfort, Kentucky 40601
> (502) 564-8006

7

render his New Hampshire sentence unconstitutional or otherwise violate Estes' federal rights.  Accordingly, I recommend that Estes' § 2254 petition be dismissed, as his claims are simply not cognizable in a habeas action.[5]

Conclusion

For the foregoing reasons, I recommend that this petition be dismissed.  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date:    October 30, 2007

cc:      Mark Estes, pro se

_____

[5]I make no comment on whether Estes may be able to seek relief in the state or federal courts of Kentucky.  In any event, if this recommendation is approved, the dismissal will be without prejudice to Estes pursuing whatever remedies might be available to him in Kentucky.